**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MARCO A. HENDRICKSON, a/k/a Angele Marco Hendrickson, <br><br> Defendant - Appellant. | No. 20-5060 <br> (D.C. Nos. 4:20-CV-00148-CVE-FHM & <br> 4:08-CR-00197-CVE-2) <br> (N.D. Okla.) |

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Defendant-Appellant Marco Hendrickson is serving a sentence for Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Defendant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255—which the district court denied. The district court also declined to issue a certificate of appealability ("COA"). Defendant appeals. For the following reasons, we decline to issue a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In 2009, the district court sentenced Defendant to 271 months' imprisonment after Defendant pleaded guilty to (1) Hobbs Act robbery in violation of 18 U.S.C. § 1951 and (2) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  Defendant received a consecutive sentence of 151 months for count one and 120 months for count two.

Some ten years after the district court sentenced Defendant, the Supreme Court, in United States v. Davis, 139 S. Ct. 2319, 2336 (2019), announced a new rule of Constitutional law when it concluded that § 924(c)(3)(B) was unconstitutionally vague.  We determined the Davis rule applied retroactively to cases on collateral review.  See United States v. Bowen, 936 F.3d 1091, 1097–98 (10th Cir. 2019).  Defendant then sought authorization to file a second or successive § 2255 motion in district court challenging his § 924(c) conviction and sentence under Davis.  We granted Defendant authorization because his motion relied on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

Relying on Davis, Defendant argued that he was innocent of the § 924(c) charge because Hobbs Act robbery is not categorically a crime of violence.  The district court denied his § 2255 motion and did not grant a COA.

II.

"On appeal from the denial of a § 2255 motion, ordinarily 'we review the district court's findings of fact for clear error and its conclusions of law de novo.'"

2

United States v. Barrett, 797 F.3d 1207, 1213 (10th Cir. 2015) (quoting United States v. Rushin, 642 F.3d 1299, 1302 (10th Cir. 2011)).  But Defendant must obtain a COA before we will conduct such a review.  28 U.S.C. § 2253(c)(1).  To obtain a COA, Defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

III.

Section 924(c) prohibits the use or carry of a firearm "during and in relation to any crime of violence or drug trafficking crime" or possession of a firearm "in furtherance of any such crime."  § 924(c)(1)(A).  The statute defines a crime of violence as:

> An offense that is a felony and—
>
> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).  In Davis, the Supreme Court held that § 924(c)(3)(B)—the "residual clause"—was unconstitutionally vague and courts must apply the categorical-approach to determine whether a predicate conviction qualifies as a crime of violence under § 924(c)(3)(A)—the "elements clause."  139 S. Ct. at 2329–36.

Defendant maintains that under Davis, he is innocent of the § 924(c) charge because Hobbs Act robbery is not categorically a crime of violence.  We previously

3

rejected this argument in <u>United States v. Melgar-Cabrera</u>, where we explicitly held that Hobbs Act robbery *is* categorically a crime of violence under § 924(c)(3)(A)—the elements clause. 892 F.3d 1053, 1060–66 (10th Cir. 2018). And despite numerous arguments like Defendant's, neither we nor the Supreme Court have reversed <u>Melgar-Cabrera</u>. <u>See e.g.</u> <u>United States v. Toki</u>, 822 F.App'x 848, 853 (2020) (unpublished) (holding that given our "binding precedent in <u>Melgar-Cabrera</u>, the constitutionality of . . . § 924(c) convictions predicated on Hobbs Act robbery is not reasonably debatable.").

For these reasons, we DENY Defendant's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Joel M. Carson III
Circuit Judge